LEGG v. STATE.

Opinion delivered February 15, 1926.

CRIMINAL LAW—JURY QUESTION.—In a prosecution for aiding a sharecropper in embezzling cotton belonging to the landowner, where the evidence was in conflict as to whether the person alleged to have been aided was an employee or a tenant, it was error to instruct the jury that he was an employee.

Appeal from Lee Circuit Court; *E. D. Robertson,* Judge; reversed.

*R. D. Smith,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

HUMPHREYS, J.   Appellant was indicted, tried and convicted in the circuit court of Lee County for unlawfully and feloniously aiding and abetting Doc Howard in embezzling 1,300 pounds of seed cotton, of the value of $90, belonging to Alfred Sohm, and was adjudged to serve a term of one year in the State Penitentiary as a punishment therefor, from which is this appeal.

The seed cotton in question was raised by Doc Howard on Alfred Sohm's farm in 1924.   On November 5, 1924, appellant hauled the cotton to market for Howard, who sold same.

The testimony was in conflict as to whether the title and right to sell the cotton was in Sohm or Howard, being dependent upon the contract between them.

The State attempted to show by John J. Hughes, who was Sohm's agent, that under the agreement Howard was to receive a part of the crop as wages for his work, but his testimony was not certain and definite as to the terms of the contract.

Appellant introduced Doc Howard, who testified that he was to pay one-half of the crop to Sohm for the use of the land, tools, and team which Sohm, through his agent, furnished him, and that, at the time he sold the cotton, he owed Sohm nothing.   He also testified that he employed appellant to haul the cotton to market, telling him that he owned same.

Appellant testified that he hauled the cotton for Doc Howard; that he thought the cotton belonged to Howard; and that he received this information from Howard.

The court instructed the jury upon the theory that a share-cropper is, as a matter of law, an employee, regardless of the terms of his contract.   This court decided otherwise in the case of *Barnhardt* v. *State,* 169 Ark. 567.   In keeping with the law announced in that case, appellant requested the court to

instruct the jury as follows: "You are instructed that if you find from the evidence that Sohm and Howard entered into an agreement whereby Sohm rented ¡to Howard the land, teams, and feed on which the cotton alleged to have been embezzled was grown, and that said Howard agreed to pay the said Sohm one-half of all cotton raised on said lands as rent therefor, then your verdict will be not guilty, notwithstanding the fact that you find that the said Howard failed to perform his part of the agreement." This request was refused by the court over the objection and exception of appellant. The trial court erred in refusing to give this instruction to the jury.

The trial court also committed reversible error in giving the following instruction to the jury:

"You are instructed that, under the law, one who contracts to make a crop for a share thereof under such a contract as has been testified to in this case as existing between Alfred Sohm and Doc Howard, is an employee and not a tenant, and that the title to the crop produced by such employee is in the employer and not in the employee."

The evidence was in dispute as to the terms of the contract, so it was improper for the court to assume and tell the jury that Doc Howard was an employee and not a tenant of Alfred Sohm.

On account of the errors indicated the judgment is reversed, and the cause remanded for a new trial.